JAMES COSGROVE, PLAINTIFF IN ERROR, *vs.* RICHARD M. BUTLER, DEFENDANT IN ERROR.

Action of trover commenced in December, 1865, on a cause of action which arose between December 19, 1860, and April 29, 1865. Action tried January, 1868, and verdict for plaintiff. Defendant appealed to Court Appeals, and appeal dismissed. Neither in Court below, nor in Court of Appeals, did defendant claim the benefit of Military Orders, Nos. 10 and 164, staying proceedings in such cases; but, in October, 1868, after said orders had been abrogated, he applied to have the judgment vacated, on the ground that, under the operation of those orders, it was void. Application refused.

A Justice of the Supreme Court has no authority, at Chambers, to set aside a judgment of the Court of Common Pleas—*semble.*

The Military Orders, known as Orders Nos. 10 and 164, were mere regulations of the procedure of the Courts—staying their action in a certain class of cases—and did not operate to oust them of their jurisdiction.

A judgment will not be vacated for a mere irregularity, which does not affect the justice of the case, and of which the party could have availed himself, but did not do so until judgment was rendered against him.

A judgment which could have been avoided for irregularity under Military Orders, Nos. 10 and 164, will not be set aside after those orders have been abrogated.

BEFORE WILLARD, A. J., AT CHAMBERS, CHARLESTON, OCTOBER, 1868.

The facts of this case are stated in the judgment of the Supreme Court.

*Corbin,* for plaintiff in error.

*Phillips,* contra.

Dec. 21, 1869. The opinion of the Court was delivered by

C. D. MELTON, Esq., sitting in the case, by appointment of His Excellency the Governor.

This case comes up on writ of error to the Court of Common Pleas for Charleston, and presents this state of facts:

James Cosgrove, (plaintiff in error,) in December, 1865, was sued in an action of trover, in the Court of Common Pleas for Charleston, by Richard M. Butler, (defendant in error,) and at January Term, 1868, of that Court, the case was tried and a verdict rendered for the plaintiff in the action. From this verdict an appeal was taken, by the defendant, to the Court of Appeals, and a motion was there made for a new trial, which was refused.

The cause of action arose between the 19th December, 1860, and the 29th April, 1865, and was, therefore, within the operation of the General Orders, Numbers 10 and 164, from Headquarters,

Cosgrove *vs.* Butler.

Second Military District, dated, respectively, April 11 and December 31, 1867, which stayed proceedings on causes of action which arose within that period. But it appears, from the brief now submitted, that neither on the trial below nor in the Court of Appeals was there interposed, by plea or otherwise, any objection to the exercise, by the Court, of its jurisdiction of the cause.

In October, 1868, after the appeal had been dismissed, the defendant in the action, by petition, impleaded the plaintiff, before Mr. Associate Justice Willard, at Chambers, and prayed that the judgment rendered against him should be vacated, for the reason that, the cause of action being within the operation of the General Orders, Numbers 10 and 164, jurisdiction thereof was thereby expressly prohibited to the Court, and its judgment was, therefore, "utterly null and void."

The relief prayed for by the petition was refused by Mr. Justice Willard, and the case is now here for review.

It is not perceived where lies the authority of a Justice of the Supreme Court, on a motion at Chambers, to grant the relief prayed for. Such power is not, in terms, or by any necessary implication, conferred by the Act of 1868, which defines his special powers.

But, regarding the petition as a proper motion before a proper tribunal, the error of the ruling does not appear.

It is conceded to the argument of the counsel for the plaintiff in error, that if a Court shall assume to adjudge a cause of which the law does not give it cognizance, its judgment is a nullity; that such want of jurisdiction cannot be cured by consent of parties, much less by the mere failure to object; that a party aggrieved by such a judgment may have it vacated, notwithstanding he may have pleaded to the action; and that of this right he may avail himself at any stage of the cause, before or after judgment.

But these principles apply only to cases where there is an absolute want of jurisdiction in the Court—a want in the very law of its organization. Such was not the condition of the case now called in question. The Court of Common Pleas which rendered the judgment had jurisdiction of the subject-matter of the suit, and the parties were properly before it. The action had been commenced prior to the promulgation of General Orders, No. 10, and was a proceeding "pending" at the date of General Orders, No. 164. These orders operated no otherwise than as a mere regulation of the procedure of the Courts, declaring a rule for the practice of the

Courts—staying their action in a given class of cases which were properly within their jurisdiction. They operated in no respect to divest the Courts of their jurisdiction of any causes then already on their dockets; nor did they declare the Courts incompetent to pronounce judgment in the class of cases to which the orders referred.

It is considered, therefore, that there was no ground upon which to declare the judgment void for want of jurisdiction in the Court.

Regarded as establishing a rule or regulation of procedure, the General Orders had no higher force than pertains to other rules of procedure established for the government of the Courts in the administration of justice. A failure in observance falls within the definition of an *irregularity*—"the doing or not doing that, in the conduct of a suit at law, which, conformably with the practice of the Court, ought or ought not to be done."—Bouv. Law Dic. Whether, in a given case, the existence of irregularity vitiates a judgment, must depend upon the character of the irregularity, and the circumstances under which it occurred. It is not necessarily the duty of the Court, during the progress of a cause, to take note of departures from the regularity of procedure. If such departures be not excepted to, the Court may consider objection to them as waived. And it may be asserted, as a general rule, that where there is no want of jurisdiction, and the parties are properly before the Court, its judgment will be binding, even although affected by irregularity which would have defeated the proceeding if objection had been timely and properly made.

The plaintiff in error does not complain of any prejudice because of the irregularity in this case. He does not say that, relying upon the inherent efficacy of the General Orders to stay the prosecution of the suit against him, he failed to attend, or otherwise omitted to avail himself of anything necessary to his defence. On the contrary, he was present, and participated in the trial; and when judgment went against him, himself removed the cause to the Appeal Court, without, at any time, interposing, either by plea or motion, the objection which he now presents.

The case has its analogies in every-day practice. Upon certain causes of action suits are required by the statute of limitations to be brought within a limited period, "and not after."

There is, in such cases, an express statutory prohibition of a suit thus barred equally as imperative as of suits embraced within the General Orders. And yet it has never been considered, if a de-

fendant in such an action fails to plead the protection of the statute, and judgment be given against him, that the Court was without jurisdiction, and its judgment either void or voidable. So, again, in actions against an executor or administrator, brought within the nine months during which they are protected from suit. The language of the Act (5 Stat., 112, § 27,) is imperative that any action shall not be commenced within the privileged period. Yet, if it be commenced, notwithstanding the prohibition, it is not the province of the Court to take notice of the irregularity of its own motion; there is no want of jurisdiction; and, if judgment be rendered without objection made, it is a valid judgment.

There is, however, another consideration which appears to the Court, in itself conclusive of the question. If it were conceded that, at the time the judgment was rendered, it was *voidable*, because of the irregularity now complained of, and would have been vacated on motion *then* made, that *voidability*, springing, as it did, from the General Orders, continued only so long as those Orders had the force of law. Their abrogation preceded this application for the protection they were intended to afford; and advantage cannot be taken from their provisions, now that they have ceased to be of force.

The judgment dismissing the petition is affirmed.

*Moses*, C. J., concurred.